UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Taylor, Jr., <br><br> Plaintiff <br><br> v. <br><br> Corona, et al., <br><br> Defendants | Case No. 2:23-cv-01840-CDS-BNW <br><br> **Order Screening** <br> **First Amended Complaint** <br><br> [ECF Nos. 1, 6, 7, 7-1] |

     Plaintiff Raymond Taylor, Jr., who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983, a first amended complaint ("FAC"), and an application to proceed *in forma pauperis*. ECF Nos. 1-1, 7, 7-1. The matter of the filing fee will be temporarily deferred. I now dismiss the complaint without prejudice and screen Taylor's FAC under 28 U.S.C. § 1915A.[1]

I.       Screening Standard

     Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent.'").

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a

plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  Screening of FAC

In his FAC, Taylor sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). ECF No. 7-1 at 1. Taylor sues defendants Corona, Garcia, Thrower, Rayford, and John Doe, and he brings three claims and seeks monetary relief. *Id.* at 2–6.

Taylor alleges the following facts. While incarcerated at HDSP, another inmate stabbed Taylor in the neck and back. *Id.* at 2. Correctional Officers Corona, Thrower and Garcia were in the control room when the attack occurred. *Id.* Before the attack, Corona, Garcia, Thrower, and Rayford failed to search the inmates in Taylor's housing unit for weapons, and they did not use the metal detector. *Id.* John Doe supervised Corona, Garcia, Thrower, and Rayford. *Id.* at 3. The injuries from the attack sent Taylor to the hospital for two days. *Id.* After returning from the hospital, Taylor was still bleeding from his wounds. *Id.* at 3.

Based on these allegations, Taylor raises three Eighth Amendment claims, which I construe as an Eighth Amendment failure to protect claim.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the

3

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

I find that Taylor fails to state a colorable failure to protect claim on screening. While Taylor alleges that another inmate attacked him, his other allegations are vague and do not support a colorable claim. For example, stating that the correctional officers were in the control room and failed to search the other inmates is insufficient to support that there was an excessive risk to Taylor's safety. And even if Taylor had stated facts showing an excessive risk to his safety existed, he fails to allege that the defendants disregarded that risk. Taylor does not state whether the defendants in the control room saw the stabbing occur. I therefore dismiss this claim without prejudice with leave to amend. Because this is the only claim in the FAC, I dismiss the FAC without prejudice with leave to amend.

### III.      Leave to Amend

Taylor is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If Taylor chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint and the FAC and, thus, the second amended complaint and must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Taylor's second amended complaint must contain all claims, defendants, and factual allegations that Taylor wishes to pursue in this lawsuit. Moreover, Taylor should file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." If Taylor chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, he will file the second amended complaint on or before September 3, 2024. If Taylor fails to file a second amended complaint curing

the deficiencies outlined in this order, I will dismiss this action without prejudice for failure to state a claim.

IV. Conclusion

I therefore order that a decision on the application to proceed *in forma pauperis* **[ECF No. 7] is deferred**.

I further order that the applications to proceed *in forma pauperis* **[ECF Nos. 1, 6] are denied as moot**.

I further order that the complaint **[ECF No. 1-1] is dismissed without prejudice**.

I further order that the Clerk of the Court file the FAC (ECF No. 7-1) and send Taylor a courtesy copy.

I further order that the FAC (ECF No. 7-1) is the operative complaint.

I further order that Taylor's Eighth Amendment failure to protect claim is dismissed without prejudice with leave to amend.

I further order that the FAC (ECF No. 7-1) is dismissed in its entirety without prejudice with leave to amend.

I further order that, if Taylor chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, Taylor must file the second amended complaint on or before **September 3, 2024**.

I further order the Clerk of the Court to send to Taylor the approved form for filing a § 1983 complaint and instructions for the same. If Taylor chooses to file a second amended complaint, he should use the approved form and mark "Second Amended Complaint" in the caption.

I further order that that, if Taylor fails to file a second amended complaint curing the deficiencies outlined in this order, I will dismiss this action without prejudice for failure to state a claim.

Dated: July 31, 2024

_____
Cristina D. Silva
United States District Judge